MORRISON and others *v.* MOAT and others.

The defendants had, through newspapers, misrepresented the decision of the court in relation to a modification of an injunction as well as the views expressed by the Vice-Chancellor in making the decision; but, as the court considered the misconduct hardly came under criminal contempts, (R. S. 278, § 10, 11,) and it was not clear that it amounted to an act by which the rights or remedies of the complainants might be defeated, impaired, impeded or prejudiced (2 R. S. 534,) and as the defendants made a reasonable explanation, the court allowed the defendants to go free.

THE bill had been filed to restrain the vending of simulated pills, as Morrison's pills ; and, on a motion to dissolve the injunction, it had been materially modified. At the time the injunction was granted, the complainants advertised the issuing of it ; and when it was so modified the defendants also advertised such modification, but accompanied it with misrepresentations as to what the court had said and decided. A motion was now made, on behalf of the complainants, for the defendants to show cause why they should not be punished for contempt.

*October* 9, 1839.

*Practice.*
*Contempt.*

. Mr. *Bates,* for the complainants.

Mr. *Bixby* and Mr. *Charles Edwards,* for the defendants.

THE VICE-CHANCELLOR :—This is not a proceeding for the purpose of punishing the defendants for a criminal contempt under 2 R. S. 278, § 10, 11. None other than the acts there enumerated can be thus punished, and what is alleged against the defendants hardly amounts to "the publication of a false or grossly inaccurate report of its proceedings." For such an offence, the fine imposed would not go to the party, but to the state. Here, the object is to remunerate the party in the cause for an injury to his civil rights or remedy by the defendant's misconduct, and the proceeding is taken with that view under the 2 R. S. 534—the affidavits and papers being entitled in the civil suit. In the circular written and sent to their agents throughout the

country, the defendants have, most certainly, misrepresented the decision of the court in relation to the injunction and the views expressed by the Vice-Chancellor in making that decision. But the question is, whether this is a piece of misconduct by which the rights or remedies of the complainants may be defeated, impaired, impeded or prejudiced in any of the cases enumerated in the statute? It is not easy to perceive how or in what way the rights or remedy of the complainants are affected by this act of the defendants. They disavow any intentional contempt and disrespect towards the court. Their object in sending out the circular was to counteract the injurious effect which the complainant's publication of the injunction had produced. They felt themselves aggrieved by the publicity and circulation given to the injunction as it was granted in the first instance, and this may serve to excuse, though not justify the defendants in the course they have taken on the modification of the injunction. The order calling on the defendants to show cause may be discharged; and, under all the circumstances, without costs to either party as against the other.